IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Stephen J. O'NEILL, Attorney at Law.

Supreme Court

*No. 83–2382–D. Filed February 28, 1984.*
(Also reported in 343 N.W.2d 807.)

*PER CURIAM. Attorney disciplinary proceeding; attorney's license suspended.*

Following the filing of a complaint alleging three counts of unprofessional conduct against Attorney Stephen J. O'Neill, an attorney licensed to practice in May, 1980 and who practices in Madison, the Board of Attorneys Professional Responsibility and O'Neill entered into a stipulation, dated January 5, 1984, by the terms of which O'Neill admitted the allegations, as follows: After being retained to bring sentence modification proceedings on behalf of a client, for which he received a $1,500 retainer, O'Neill failed to timely file a motion in the proceedings, withdrew $435 from his trust account for his own use without his client's knowledge or consent, failed to maintain adequate records of the trust account transactions as to this client, and failed to respond to Board requests for information concerning the client's grievance. In mitigation, O'Neill has made a $150 partial payment to his client of the funds he removed from the trust account and in partial repayment of the unused fees in the sentence modification matter; the balance of these sums are to be accounted for and paid within 90 days from the date of the stipulation. Further, O'Neill fully cooperated in the Board's investigation of this matter after his initial failure to respond to Board inquiries.

After being retained to represent a client in a divorce proceeding, O'Neill failed to file a required stipulation concerning property division, custody and support and to complete the divorce action on behalf of his client. He also failed to return any portion of the $150 retainer he received to represent the client. O'Neill failed to respond to Board requests for information during the investigation of the client's grievance. In mitigation, O'Neill has made a $156 payment to the client for the retainer, court and filing fees and loss of interest on the balance. The

balance of the amount owing is to be accounted for and paid within 90 days from the date of the stipulation. O'Neill cooperated with the Board in its investigation of the matter after his initial failure to respond to the Board's request for information.

O'Neill failed to pursue a personal injury claim on behalf of a client, and he was discharged by that client. He failed to respond to Board requests for information concerning the matter, but he subsequently cooperated with the Board in its investigation. By the terms of the stipulation, O'Neill agreed that the Board could recommend a six-month suspension of his license, and he agreed to pay the costs of the disciplinary proceeding.

The referee made findings of fact and conclusions of law consistent with the parties' stipulation. The referee concluded that O'Neill violated SCR 20.50(2), 20.04(1) and (4) by withdrawing funds for his own use from his trust account without the knowledge or consent of his client; he failed to maintain adequate records of the trust account transactions, in violation of SCR 20.50(2)(c); he violated SCR 20.32(3) and 20.35(1)(b) by failing to timely file a motion for sentence modification and pursue his client's cause; he neglected the client's divorce matter, in violation of SCR 20.32(3) and 20.35(1)(b); he violated SCR 20.12(1), charging an excessive fee, by failing to return any part of his client's retainer upon his discharge from employment in the divorce matter; he neglected the client's personal injury claim, in violation of SCR 20.32(3) and 20.35(1)(b); as to each count of unprofessional conduct, he violated SCR 22.07(2) and 21.03(4) by failing to respond to the Board's written requests for information in the investigation of these three grievances.

The referee recommended that O'Neill's license to practice law be suspended for six months, that he be required to pay that portion of the costs of the disciplinary pro-

ceeding as the court may determine to be just and equit-able, and that he be required to complete the accounting and indemnification of his clients within 90 days of the date of the stipulation. In making that recommendation, the referee noted O'Neill's attempts to mitigate his mis-conduct and to cooperate with the Board.

We hereby adopt the findings, conclusions and recom-mendation of the referee.

IT IS ORDERED that the license of Stephen J. O'Neill to practice law in Wisconsin is suspended for a period of six months, commencing April 1, 1984.

IT IS FURTHER ORDERED that Stephen J. O'Neill make a complete accounting to the Board of Attorneys Pro-fessional Responsibility of the payments to his clients pursuant to the stipulation within 90 days of the date thereof.

IT IS FURTHER ORDERED that, within 60 days of the date of this order, Stephen J. O'Neill pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $400, provided that if the costs are not paid in the time specified, the license of Stephen J. O'Neill to practice law in Wisconsin shall be revoked forthwith.